IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK GEKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3066 |
| | ) | |
| PETER VASILIADES, MARY | ) | |
| RANIELI, JOHN LAGATUTTA, | ) | |
| DANIEL BLUTHARDT, JOHN | ) | |
| KRISKO, FRANK MAGGIO, | ) | |
| ROBERT J. SHAFER, KAREN | ) | |
| SCHROCK, and ALLEN J. SHAPIRO, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Rule 12(b)(6) Motion to Dismiss (Motion) (d/e 12) and Memorandum of Law in Support of Defendants' Rule 12(b)(6) Motion to Dismiss (d/e 13). Plaintiff has filed Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss (Response) (d/e 15).

This matter is fully briefed and ripe for adjudication. For the reasons described below, the Motion is granted, and Plaintiff is granted leave to file

1

an amended complaint.

## FACTS

According to the Complaint (d/e 1), Plaintiff Mark Gekas is a licensed dentist who practices dentistry in Sangamon County, Illinois. The Illinois Department of Financial and Professional Regulation (the Department) regulates Plaintiff's license. At all relevant times, Defendant Peter Vasiliades was an inspector for the Department. As such, Vasiliades was responsible for investigating allegations of misconduct against dentists licensed by the State of Illinois. Defendant Mary Ranieli is a licensed dentist and has been the Department's Dental Coordinator since 2003. Defendant John Lagatutta was the Deputy Director of the Department, and Defendant Daniel Bluthardt was the Director of the Department's Division of Professional Regulation. Defendants John Krisko and Frank Maggio were members of the Department's Dental Board. Plaintiff alleges that these Defendants acted under color of state law. In the Complaint, Plaintiff also names Robert J. Schafer, Karen Schrock, and Allen J. Shapiro as Defendants, but provides no allegations about who these individuals are or how they are related to this lawsuit.

In 1988, Plaintiff met with then Deputy Governor of Illinois James

Riley. At the meeting, Plaintiff complained that Michael Vold, who was the Department's Dental Coordinator at the time, was abusing his authority. After this meeting, Plaintiff renewed his objections about Vold to Illinois State Senator Larry Bomke. Plaintiff also had concerns "about the way the Department handled certain licensing issues." Complaint, ¶ 14. Plaintiff claims that these conversations were protected by the First Amendment because he was seeking redress of grievances from government officials.

Plaintiff alleges that after these meetings, Vold "commenced a pattern of retaliation against" him and that "[a]fter Vold left the employ of the Department that pattern [was] continued by the named defendants." Complaint, ¶ 16. Plaintiff alleges that Defendants retaliated against him by: forcing him to stop seeing certain patients; raiding his office; forbidding him from talking to anyone within the Department; falsifying charges against him; refusing to furnish him with copies of documents that he was legally entitled to receive; sending him a cease and desist order without providing Plaintiff with due process of law; and repeatedly investigating Plaintiff's dental practice for wrongdoing. Plaintiff does not allege specific dates, nor does he describe the role of each Defendant in these alleged acts of retaliation.

Unspecified claims were brought against Plaintiff in the Circuit Court of Cook County, Illinois, in 2002. Plaintiff alleges that these claims were dismissed in December 2008, and that he could not have brought this lawsuit until the claims were dismissed. He filed this action on March 18, 2010, claiming under 42 U.S.C. § 1983 that Defendants had retaliated against him in violation of his rights under the First Amendment to the U.S. Constitution. Defendants then filed the Motion now before the Court.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937,

1949 (2009).  The Seventh Circuit has held that a claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

For purposes of a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in a complaint.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Court views the facts in the light most favorable to the non-moving party, in this case, Plaintiff.

## ANALYSIS

Defendants present several arguments for dismissal, and the Court addresses each argument in turn.

I.   MYSTERY DEFENDANTS

Defendants argue that this case should be dismissed against named Defendants Schafer, Schrock, and Shapiro because the Complaint contains

no allegations of misconduct against these individuals. The Court agrees. Schafer, Schrock, and Shapiro are mentioned only in the Complaint's caption, and there are no claims pending against them. Accordingly, the Court grants the Motion with respect to Schafer, Schrock, and Shapiro, and dismisses the Complaint against these three individual Defendants.

II. <u>INSUFFICIENT ALLEGATIONS</u>

Defendants next argue that Plaintiff's allegations in the Complaint are insufficient because they do not provide Defendants with adequate notice as to the claim against them.

A plaintiff suing under § 1983 for First Amendment retaliation must allege that: (1) he engaged in constitutionally protected speech; (2) a public official took adverse actions against him; and (3) that his speech was the but-for cause of the public official's actions. <u>Fairley v. Andrews</u>, 578 F.3d 518, 525-26 (7th Cir. 2009) (element 3); <u>Springer v. Durflinger</u>, 518 F.3d 479 (7th Cir. 2008) (elements 1 and 2); <u>Lewis v. Mills</u>, 2009 WL 3669745, at *3 (C.D. Ill. Nov. 3, 2009); see <u>Gross v. FBL Financial Services, Inc.</u>, ___ U.S. ___, 129 S.Ct. 2343, 2351 (2009).[1]

---

[1] In his Response, Plaintiff misstates the law on the causation element of a First Amendment retaliation claim. Previously, a plaintiff needed only allege that the protected speech was "at least a motivating factor" for the retaliatory actions. <u>Woodruff</u>

6

Here, the Court agrees with Defendants that Plaintiff fails to adequately allege a First Amendment retaliation claim. In essence, Plaintiff alleges that he engaged in constitutionally protected speech when he met with former Deputy Governor Riley and State Senator Bomke more than twenty years ago to complain about the Department's former director, who is not a party to this suit. Plaintiff does not describe the substance of these conversations. He does not attempt to explain how they are related to the named Defendants, many of whom, by Plaintiff's own allegations, did not work for the Department in 1988. Plaintiff goes on to allege several retaliatory acts committed by Defendants, but he does not identify which of the Defendants committed these actions, nor does he identify the relevant time frame in which Defendants allegedly engaged in these behaviors. He references certain false claims brought against him, presumably by Defendants, in the Circuit Court of Cook County, but does not identify who brought those claims, the substance of the claims, and why the court ultimately dismissed the claims.

---

v. Mason, 542 F.3d 545, 551 (7th Cir. 2008) (quoting Massey v. Johnson, 457 F.3d 711, 716 (7th Cir. 2006)). The U.S. Court of Appeals for the Seventh Circuit has since pointed out that U.S. Supreme Court's decision in Gross means that "unless a statute . . . provides otherwise, demonstrating but-for causation is part of the plaintiff's burden in all suits under federal law." Fairley, 578 F.3d at 525-26.

Under <u>Iqbal</u> and the law of this Circuit, such allegations are not plausible because they fail to adequately notify each Defendant about the basis of the claim against him or her.  <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949; <u>George</u>, 507 F.3d at 608.  The Court is unable to "draw the reasonable inference that the [Defendants are] liable for the misconduct alleged" because Plaintiff has not described the role each Defendant played in the alleged pattern of retaliatory actions.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.  In short, Plaintiff's Complaint is "so sketchy" that it does not fairly notify Defendants of the claims against them, and it must be dismissed.  <u>See</u> <u>Airborne</u>, 499 F.3d at 667.  Accordingly, the Court grants Defendants' Motion.

Plaintiff requests that, in the event that the Court grants Defendants' Motion, the Court grant him leave to file an amended complaint.  The Court allows Plaintiff's request, and directs him to file an amended complaint on or before September 1, 2010.

## CONCLUSION

THEREFORE, Defendants' Rule 12(b)(6) Motion to Dismiss (d/e 12) is GRANTED.  The Court dismisses the Complaint (d/e 1) against all Defendants.  However, Plaintiff is granted leave to file an amended

complaint on or before September 1, 2010.

IT IS THEREFORE SO ORDERED.

ENTER:   July 21, 2010

     FOR THE COURT:

                                                      s/ Jeanne E. Scott
                                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE