E-FILED
Wednesday, 13 April, 2011 01:26:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARK GEKAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-3066 |
| | ) |
| PETER VASILIADES, MARY RANIELI, JOHN LAGATUTTA, DANIEL BLUTHARDT, JOHN KRISKO and FRANK MAGGIO, | ) |
| | ) |
| Defendants. | ) |

## OPINION

Plaintiff Mark Gekas is a dentist who has filed a 42 U.S.C. § 1983 claim against employees of the Illinois Department of Financial and Professional Regulation ("IDFPR") for violating his First Amendment rights. The employees, Defendants Peter Vasiliades, Mary Ranieli, John Lagatutta, Daniel Bluthardt, John Krisko and Frank Maggio have collectively filed Defendants' Third Rule 12(b)(6) Motion to Dismiss. Id. at d/e 35

1

(hereinafter the "Motion").[1]  For the reasons stated below, the Motion is DENIED.

## FACTS

In 1988, Gekas complained to the Deputy Governor of Illinois about the way Michael Vold, Dental Coordinator for the Illinois Department of Financial and Professional Regulation ("IDFPR"), performed his official duties. Over the years, Plaintiff met with Illinois State Senator Larry Bomke and IDFPR Director Daniel Bluthardt to complain about Vold and how IDFPR performed its duties. On September 27, 2005, Robert A. Rechner, the Executive Director of the Illinois State Dental Society, wrote a letter to Bluthardt complaining about IDFPR's treatment of Plaintiff.

In 2002, IDFPR employees Peter Vasiliades, Mary Ranieli, John Lagatutta, John Krisko, Frank Maggio and Bluthardt all participated in the initiation of two administrative proceedings against Gekas. These same individuals participated in yet another administrative proceeding against

---

[1] Defendants' two prior motions to dismiss (d/e 12 and 23, respectively) were allowed. See d/e 16 and Text Order dated January 26, 2011, respectively. However, Gekas was given leave to file an amended complaint. He did so by filing his Second Amended Complaint (d/e 32).

2

Gekas in 2003. Gekas prevailed in the administrative proceedings and all claims against him were dismissed in December 2008.

On December 9, 2008, Plaintiff filed a Freedom of Information Act ("FOIA") request to obtain documents relating to IDFPR's various actions. By the summer of 2009, Krisko, Ranieli and Vasiliades launched an investigation into Gekas' dental practice.

Gekas filed the instant § 1983 lawsuit against Defendants Daniel Bluthardt, Peter Vasiliades, Mary Ranieli, John Lagatutta, John Krisko, and Frank Maggio on March 18, 2010. Gekas alleges that the Defendants' conduct was in retaliation for his criticisms of IDFPR and its personnel. He asserts that the retaliation by these government officials violated his First Amendment rights and caused him to suffer harm.

The Defendants' Motion seeks dismissal of Gekas' claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendants have filed a Memorandum of Law in Support of Defendants' Third Rule 12(b)(6) Motion to Dismiss. See d/e 36 (hereinafter "Defendants' Memorandum"). Gekas has responded and the matter is ripe for decision.

## JURISDICTION & VENUE

The federal question posed by Gekas' § 1983 claim gives this Court subject matter jurisdiction. See 28 U.S.C. §1331. Personal jurisdiction and venue requirements are satisfied because the relevant acts occurred in this judicial district. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); see 28 U.S.C. §1391(b) (venue in non-diversity cases is proper in a judicial district where any defendant resides, if all defendants reside in the same State).

## STANDARD

In ruling on a motion to dismiss, "the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." Evers v. Astrue, 536 F.3d 651, 656 (7th Cir.2008). Factual allegations must satisfy Federal Rule of Civil Procedure 8(a)'s notice pleading requirements. The United States Supreme Court has reviewed Rule 8(a)'s pleading requirements and has held that "factual allegations

4

must be enough to raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 S.Ct. 929 (2007); see also, Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

However, "[a]ny doubt that Twombly had repudiated the general notice pleading regime of Rule 8 was put to rest . . . [by] Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The Erickson decision reiterated that "specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Taken together, Twombly and Erickson mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled to under Rule 8." See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 449 F.3d 663, 667 (7th Cir. 2007); see also Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). Only then is a Rule 12(b)(6) dismissal appropriate. See Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008).

## ANALYSIS

The First Amendment, which is applicable to the States by the Fourteenth Amendment, prohibits States from enforcing laws "abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I; see also Hilton v. City of Wheeling, 209 F.3d 1005, 1006 (7th Cir. 2000). The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." Roth v. United States, 354 U.S. 476, 484, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).

To state a claim for First Amendment retaliation under § 1983, a plaintiff must allege that: (1) the speech at issue was constitutionally protected; (2) public officials took adverse action against the plaintiff; and (3) the constitutionally protected speech was the but-for cause of the adverse action. See Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008); Gross v. FBL Fin. Serv., Inc., --- U.S. ---, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009) (unless a federal statute provides otherwise, the

6

plaintiff bears the burden of demonstrating but-for causation in suits brought under federal law). Gekas' criticisms of IDFPR and its staff were subject to First Amendment protection since the criticisms were an attempt to obtain redress grievances about IDFPR's actions. Due to those criticisms, the Defendants retaliated against Gekas by initiating and pursuing unfounded administrative proceedings related to his dental practice. By reciting general descriptions of the Defendants' individualized involvement in those proceedings and the dates of their participation, Gekas has provided enough detail to give the Defendants notice of his constitutional injury. Cf. Brooks, 578 F.3d at 578-79 (vague phrasing such as "one or more of the Defendants" violated a plaintiff's constitutional rights does not satisfy notice pleading standards). Moreover, Gekas asserts that the administrative proceedings and the 2009 investigation would not have occurred but-for his criticisms of IDFPR and its personnel. Accordingly, Gekas has sufficiently pled a First Amendment retaliation claim. See Springer, 518 F.3d at 483; Gross, 129 S.C.t at 2351; Airborne Beepers, 449 F.3d at 667. The Defendants will be able to ferret out additional details

7

concerning the exact date and nature of each Defendants' involvement as this case proceeds through discovery.

As a further matter, the Defendants make a passing reference to the statute of limitations and contend that a two-year statute of limitations applies to § 1983 claims such as Gekas'.  See Defendant's Memorandum at 7-8, citing Brooks, 578 F.3d at 578-79.  The Defendants' lack of argument on the statute of limitations issue precludes dismissal based on a statute of limitations defense.  See, generally, United States v. Useni, 516 F.3d 634, 658 (7th Cir. 2008) (relief cannot be given when a party does not meet its duty to provide argument and citations to authority).

Even if that were not so, dismissing based on a statute of limitations defense would be inappropriate here.  While many acts complained of by Gekas occurred far more than two years ago (*i.e.* Gekas' 1988 conversation with an IDFPR employee, the 2002 administrative proceeding and the 2003 administrative proceeding), the complained-of 2009 investigation is a possible First Amendment violation which would not be subject to a statute of limitations defense.

## CONCLUSION

THEREFORE, Defendants' Third Rule 12(b)(6) Motion to Dismiss (d/e 35) is DENIED.

ENTERED this 13th day of April, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE