**E-FILED**
Wednesday, 28 November, 2012  11:51:16 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK GEKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3066 |
| | ) | |
| PETER VASILIADES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion to Stay and for a Protective Order (d/e 55) (Motion to Stay).  Defendants have filed Defendants' Motion for Judgment on the Pleadings (d/e 52) (Motion for Judgment on the Pleadings).  Defendants ask the Court to enter judgment on the pleadings or to abstain from hearing the case.  Motion for Judgment on the Pleadings, at 3.  Defendants ask the Court to stay discovery until the Motion for Judgment on the Pleadings is resolved.

The Court held a telephonic status conference on the Motion.  Minute Entry entered October 25, 2012.  During the conference, counsel for Plaintiff stated that he needed to conduct discovery to respond to the Motion for Judgment on the Pleadings.  The Court directed counsel to file an affidavit setting forth the needed discovery.  Counsel has filed his

response.  Affidavit in Support of Discovery (d/e 58) (Affidavit).  Counsel states that he needs discovery to counter the statute of limitations argument put forth by the Defendants in the Motion for Judgment on the Pleadings.  Affidavit ¶ 7.  He also states that he needs to conduct discovery to prepare for trial.  Affidavit ¶ 8.

After carefully considering the submissions of the parties, including the Affidavit, the Court finds that a stay of discovery is appropriate. This Court has broad discretion to manage the order of discovery and to enter protective orders to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c); Olivieri v. Rodriguez, 122 F.3d 406, 409 (7th Cir. 1997).  The Court believes that the resolution of the Motion for Judgment on the Pleadings will clarify the issues for the parties and thereby allow the parties to conduct any future discovery more efficiently and with less cost. The Court, therefore, finds that a stay of discovery is appropriate.

Contrary to Plaintiff's contention in the Affidavit, the Court submits he does not need to conduct discovery to respond to the statute of limitations argument in the Motion for Judgment on the Pleadings.  Defendants assert the statute of limitations as a basis for judgment on the pleadings.  Motion for Judgment on the Pleadings ¶ 4.  A motion for judgment on the pleadings is decided on the pleadings.  The Court may also consider documents that are matters of public record and documents that are

alleged in the pleadings and are central to the claim.  <u>Berry v. Illinois Dept.
of Transp.</u>, 333 F.Supp.2d 751, 753 (C.D. Ill. 2004); <u>see</u> <u>Boeckman v. A.G.
Edwards, Inc.</u>, 461 F.Supp.2d 801, 806, 807 n. 6 (S.D. Ill. 2006).  In ruling
on Defendants' Motion for Judgment on the Pleadings, the Court must
assume that all of Plaintiff Gekas' allegations are true and must draw all
inferences in favor of Gekas.  <u>Berry</u>, 333 F.Supp.2d at 754.  Gekas,
therefore, does not need any evidence; he must rely on his allegations.

The Defendants attach numerous documents from the files of various
administrative and judicial proceedings to their memorandum in support of
the Motion for Judgment on the Pleadings.  <u>Memorandum of Law in
Support of Defendants' Motion for Judgment on the Pleadings (d/e 53)
(Memorandum)</u>, Exhibits A through S.  All of these documents relate to
proceedings to which Gekas refers in his Second Amended Complaint
(d/e 32) (Complaint).  With one exception, the documents are all filings or
orders in the public record of these proceedings.  As such, the Court may
consider them in ruling on the Motion for Judgment on the Pleadings
without converting the matter to a request for summary judgment.  <u>Berry</u>,
333 F.Supp.2d at 753-54; <u>see</u> Fed. R. Civ. P. 12(d).

The Defendants include one document that was not filed in a
proceeding, a settlement agreement that resolved one of the court
proceedings.  <u>Memorandum</u>, Exhibit H, <u>Settlement Agreement and General</u>

Release of Claims for Attorney's Fees, Costs and Expenses in Sangamon County, Illinois, Circuit Court Case No. 09-MR-59 (Settlement Agreement). Gekas makes allegations concerning the underlying action.  See Complaint ¶¶ 16, 28, 29.  The Defendants also assert affirmative defenses based on the Settlement Agreement.  Defendant Vasiliades' Answer (d/e 42), Affirmative Defense No. 3; Defendant Ranieli's Answer (d/e 43), Affirmative Defense No. 3; Defendant Lagatutta's Answer (d/e 44), Affirmative Defense No. 3; Defendant Bluthardt's Answer (d/e 45), Affirmative Defense No. 3; Defendants Krisko's Answer (d/e 46), Affirmative Defense No. 3; Defendant Maggio's Answer (d/e 47), Affirmative Defense No. 3.  In this context, the Court may take judicial notice of the Settlement Agreement for purposes of the Motion for Judgment on the Pleadings without converting the matter into a request for summary judgment.  Boeckman, 461 F.Supp.2d at 807 n.6; see Berry, 333 F.Supp.3d at 753-54.  Therefore, Gekas does not need discovery to respond to the Motion for Judgment on the Pleadings, as he must rely on his allegations in the Complaint.

Gekas states that he needs discovery to prepare for trial.  He may be given the opportunity to do so once the Motion for Judgment on the Pleadings is resolved.  The resolution of the Motion for Judgment on the Pleadings will clarify the issues and may resolve or narrow the issues.

If  the case survives the pending Motion for Judgment on the Pleadings, Gekas will be able to conduct discovery more efficiently.

Gekas also complains about the delay from the stay.  The Court finds that the delay from the stay is not significant.  The Court noted that the original Scheduling Order (d/e 49) was entered on June 28, 2011.  Gekas delayed until October 2012 to schedule any depositions.  Any harm from an additional delay from the stay will be offset by the clarification of the issues after the Motion for Judgment on the Pleadings is resolved.

WHEREFORE Defendants' Motion to Stay and for a Protective Order (d/e 55) is ALLOWED.  The Court stays discovery and all pretrial deadlines in this matter until the District Court rules on Defendants' Motion for Judgment on the Pleadings (d/e 52).  After the District Court rules, the Court will set a new scheduling conference to reset deadlines.  Plaintiff is directed to file a response to Defendants' Motion for Judgment on the Pleadings by December 21, 2012.

ENTER:     November 28, 2012

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE