# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK GEKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 10-3066 |
| | ) | |
| PETER VASILIADES, MARY | ) | |
| RANIELL, JOHN LAGATUTTA, | ) | |
| DANIEL BLUTHARDT, JOHN | ) | |
| KRISKO, FRANK MAGGIO, | ) | |
| ROBERT J. SCHAFER, KAREN | ) | |
| SCHROCK, and ALLEN J. SHAPIRO, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Defendants' Motion for Judgment on

the Pleadings.

## I. BACKGROUND

This is a civil rights action pursuant to 42 U.S.C. § 1983, wherein

Plaintiff Mark Gekas alleges he was retaliated against for exercising his

rights under the First Amendment.  This case has a lengthy procedural

history.  The original Complaint was filed on March 18, 2010, and

dismissed on July 22, 2010. After he was granted leave to amend, the Plaintiff filed his First Amended Complaint on September 15, 2010, which was dismissed on January 26, 2011. The Plaintiff's Second Amended Complaint was filed on February 8, 2011. A motion to dismiss was denied on April 13, 2011.

The Plaintiff is a licensed dentist practicing in Sangamon County, Illinois. His license is regulated by the Illinois Department of Financial and Professional Regulation ("the Department"). The Defendants are all members of the Department and include: Peter Vasiliades, an investigator; Dr. Mary Ranieli, the dental coordinator; John Lagatutta, the deputy director; Daniel Bluthardt, the director of the division of professional regulation; and John Krisko and Frank Maggio, both of whom were members of the dental board at all relevant times.

The Plaintiff's Second Amended Complaint alleges a pattern of retaliatory discrimination that spans a number of years. The Defendants contend that some of the Plaintiff's claims must be dismissed because they are barred by the applicable statute of limitations. Moreover, other claims

2

should be dismissed pursuant to abstention or other doctrines.

## II. DISCUSSION

In considering a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Court construes all facts and grants all reasonable inferences in the favor of the non-movant. *See Fail-Safe, LLC v. A.O. Smith Corp.*, 674 F.3d 889, 892 (7th Cir. 2012).

### A. Statute of limitations and Rooker-Feldman

The statute of limitations for an action under § 1983 in Illinois is two years. *See Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011). Federal law determines when a claim accrues. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). A claim accrues when "the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (internal quotation marks and citations omitted).

The Defendants allege that some of the Plaintiff's claims are barred by the two-year statute of limitations. These include the 2004 administrative prosecutions, the 2004 Cook County case, and the 2009 Freedom of Information Act (FOIA) request.

3

The Defendants acknowledge that the administrative prosecutions began on June 16, 2004, and were resolved on October 21, 2008. Thus, the cause of action accrued on October 21, 2008.

The Cook County Case was filed by the Plaintiff on July 13, 2004 and dismissed pursuant to an agreed order signed on December 8, 2008. Therefore, the cause of action accrued on December 8, 2008.

The Plaintiff filed the FOIA case on February 13, 2009, and settled it on March 11, 2010. The case was based on a December 20, 2008, denial of records that became final on January 21, 2009. Thus, the Defendant claims that any cause of action would have accrued no later than January 21, 2009.

The operative complaint before the Court is the Second Amended Complaint, which was filed on February 8, 2011. Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that a pleading relates back to the date of the original pleading when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

4

The Defendants contend that the Second Amended Complaint does not relate back to March 18, 2010, because the original Complaint did not provide the Defendants with adequate notice of the claims brought against them and arises from different transactions and occurrences.

The Court has reviewed the original Complaint.  Based on the facts that are alleged in the Complaint and granting all inferences in favor of the Plaintiff, the Court concludes that the allegations provide sufficient notice of the claims to the Defendants.  The Complaint references eight incidents and specifically mentions the December 2008 dismissal of the Cook County prosecutions.  Although the Complaint does not provide significant detail as to some of the claims, there is sufficient information to place the Defendants on notice.  Accordingly, the Court concludes that these claims relate back to March 18, 2010, and thus are not barred by the two-year statute of limitations.

The Defendants allege that some of the same claims are also barred by the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462

5

(1983). The doctrine is a jurisdictional limitation which "prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction." *Commonwealth Plaza Condominium Ass'n v. Chicago*, 693 F.3d 743, 745 (7th Cir. 2012) (citations omitted). This is a narrow doctrine which precludes such federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejections of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Defendants do not really develop this argument. They allege that Plaintiff's attempt to sue based on the Cook County case that was dismissed on December 8, 2008, or any other previous state court case is barred by the *Rooker-Feldman* doctrine. The Plaintiff claims that he was not the loser in those cases brought by the Department. Rather, the claims brought by the Department were dismissed and no judgment was entered against the Plaintiff. Therefore, when the facts are construed in favor of the

6

Plaintiff, the Court concludes that the *Rooker-Feldman* doctrine does not bar his claims.

B. 2009 investigation and abstention

(1)

The Defendants allege that the Court should abstain under *Younger v. Harris*, 401 U.S. 37, 43 (1971) from hearing the Plaintiff's claims regarding the 2009 investigation.  It appears this part of the Defendants' motion is directed at paragraph 29 of the Plaintiff's Second Amended Complaint, which states:

> In a further act of harassment, beginning in the summer of 2009, Krisko Ranieli and Vasiliades, launched an unwarranted and an unfounded investigation into Gekas.  This was done solely to harass Gekas for his previous acts of speaking out.  Throughout this investigation these defendants have sought confidential patient records that belong to Gekas' patients.

On August 24, 2009, the Plaintiff filed a complaint in Sangamon County Circuit Court, Case Number 1009-MR-587, against Krisko, Ranieli, Vasiliades and the Department, wherein he alleged the Department and its officials "are presently engaged, and their predecessors in office have long

7

been engaged, in a campaign of harassment and intimidation against Dr. Gekas which has culminated in the issuance of Administrative Subpoenas without probable cause and in furtherance of the campaign of harassment and intimidation." The complaint referenced an administrative subpoena with which the Plaintiff has refused to comply and sought disclosure of records from 24 of the Plaintiff's patients in order to investigate what the Department alleges may be potential violations of the Dental Practice Act. The complaint seeks an order quashing the July 28, 2009 administrative subpoena and an injunction enjoining the Department from "continuing in their campaign of harassment and intimidation against Dr. Gekas." The case remains pending in Sangamon County.

On May 14, 2010, the Department filed a Verified Petition for Enforcement of Administrative Subpoena against the Plaintiff in Sangamon County Circuit Court, Case Number, 2010-MR-299. The Petition seeks enforcement of the July 28, 2009, subpoena issued to the Plaintiff so that the Department can further investigate potential violations of the Dental Practice Act by the Plaintiff and potentially discipline him. The Petition

8

requests an order compelling the Plaintiff to provide the documents requested by the July 28, 2009, subpoena *duces tecum*. The Plaintiff's Answer to the Petition alleged that the Department and its employees were engaged in a campaign of harassment against him and cited the 2004 administrative prosecutions by the Department, the Cook County case, and the FOIA case.

*Younger* requires federal courts to abstain when a criminal defendant resorts to the federal courts in the hope of enjoining a state court prosecution on federal constitutional grounds. *See id.* at 53-54. The *Younger* doctrine has been extended to federal suits "filed by a party that is the target of state court or administrative proceedings in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and the federal government." *SKS Associates, Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010).

The Defendants allege that *Younger* abstention may also apply when a state is not acting in a quasi-prosecutorial role, if the federal action may

have an impact on the state's judicial functions.  Under *Younger* and its progeny, federal courts must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances–like bias or harassment–exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).

Applying these factors, the parties dispute whether the state court proceedings in Sangamon County Case Numbers 2009-MR-587 and 2010-MR-299 are judicial in nature.  According to the Sangamon County Circuit Clerk website, these cases are classified, respectively, as "Administrative Review" and "Other."   Accordingly, the Court concludes that the proceedings are not judicial in nature.   The requirements for *Younger* abstention are not met.

The Court recognizes that the Department's 2009 investigation of the Plaintiff is ongoing.  The Defendants allege that the investigation could lead to disciplinary proceedings that are judicial in nature.  *See Majors*, 149 F.3d

at 712-713 (observing that administrative enforcement proceedings are judicial in nature for purposes of *Younger* abstention).  The Plaintiff, too, recognizes that the proceedings may be classified as judicial in nature if a prosecution had been initiated.  Based on the current record, however, the Court concludes that the state court proceedings are administrative and not subject to *Younger* abstention.[1]

(2)

The Plaintiff recognizes that the narrower issue of whether the Court must abstain from addressing the question of whether the subpoena violates his rights is a closer issue.  There is ongoing litigation in the Circuit Court of Sangamon County pertaining to the validity of the subpoenas.  To the extent that Plaintiff expressly or implicitly requests a determination whether the subpoena violates his rights, the Court concludes that abstention is appropriate based on "exceptional circumstances," pursuant to *Colorado River Water Conversation Dist. v. United States*, 424 U.S. 800 (1976).

_____

[1] Of course, this issue could be revisited if the proceedings eventually become judicial in nature.

The Court concludes that the state actions pertaining to the validity of the subpoenas is parallel to the Plaintiff's request that this Court determine whether a subpoena violates his rights.  In *Tyrer v. City of South Beloit*, 456 F.3d 744 (7th Cir. 2006), the United States Court of Appeals for the Seventh Circuit discussed a number of factors courts should consider in determining if abstention is appropriate.  *See id*. at 754.

The Court concludes that the state court is the more convenient forum to address the validity of the subpoenas.  The Plaintiff filed his state court action prior to filing the original Complaint in this case.  Moreover, there is a strong desire to avoid piecemeal litigation.  Most importantly, a federal court judgment pertaining to the 2009 subpoena could undermine or conflict with the state court judgment.  Significantly, the Court is aware of no reason why the state forum is not adequate to protect the Plaintiff's rights.

## III. CONCLUSION

The Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) will be Allowed to the extent that Plaintiff is requesting that the

Court determine whether the administrative subpoena issued by the Department in 2009, which is the subject of ongoing litigation in state court, violates his rights. The Motion will be Denied in all other respects.

Ergo, the Motion of the Defendants for Judgment on the Pleadings [d/e 52] is ALLOWED in PART and DENIED in PART.

The Motion is ALLOWED to the extent that Plaintiff requests that the Court determine whether the 2009 subpoena violates his rights. The Motion is DENIED in all other respects.

This matter is referred to United States Magistrate Judge Byron G. Cudmore for the purpose of entering a Scheduling Order.

ENTER: February 20, 2013

FOR THE COURT:

*s/Richard Mills*
Richard Mills
United States District Judge

13