IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MARK GEKAS,                              )
                                         )
       Plaintiff,                        )
                                         )
v.                                       )       NO. 10-3066
                                         )
PETER VASILIADES, MARY                   )
RANIELL, JOHN LAGATUTTA,                 )
DANIEL BLUTHARDT, JOHN                   )
KRISKO, FRANK MAGGIO,                    )
ROBERT J. SCHAFER, KAREN                 )
SCHROCK, and ALLEN J. SHAPIRO,           )
                                         )
       Defendants.                       )

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of the Defendants for Partial

Summary Judgment and to Enforce a Settlement Agreement.

## I. FACTUAL BACKGROUND

On February 13, 2009, Plaintiff Mark Gekas filed a complaint in

Sangamon County Circuit Court against Michael T. McRaith, the Acting

Secretary of the Illinois Department of Financial and Professional

Regulation ("IDFPR" or "the Department").  The complaint alleged that

the Department failed to comply with the Illinois Freedom of Information ACT ("FOIA") by not producing certain information in response to a December 9, 2008 FOIA request.

On March 3, 2010, the Plaintiff and his Counsel signed a settlement agreement.  Counsel for IDFPR signed the agreement on March 11, 2010. The document, which is attached to the Defendants' motion, is titled "Settlement Agreement and General Release of Claim for Attorney's Fees, Costs and Expenses."  The "Recitals" portion of the settlement agreement provides in part:

> WHEREAS, the Plaintiff has subsequently filed a petition for attorney's fees, costs and expenses (hereinafter referred to as "Petition"); and
> WHEREAS, so as to avoid further expense and in recognition of the positions of the parties to the above case, the parties wish to settle and compromise the pending claim for attorney's fees, costs and expenses.

There is no language in the "Recitals" which expresses an intent to settle the alleged "violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States," as asserted in the complaint filed in

2

Sangamon County Circuit Court.

The Plaintiff received $2,500 as part of the settlement agreement.

The Plaintiff also signed a release and waiver providing that:

> The Plaintiff and his attorney agree to release, waive and relinquish and hereby release and forever discharge the Defendant in his individual capacities, the Illinois Department of Financial and Professional regulation and the State of Illinois, their agents, former and present employees, successors, heirs and assigns and all other persons (hereinafter "Releases") from all actions, claims, demands, setoffs, suits, causes of action, or rights to attorney's fees, costs and expenses allegedly incurred or due in the action pursuant to 42 U.S.C. Section 1988, or under any other statute, rule or common law provision arising from the alleged failure of the Department to comply with the Freedom of Information Act as set forth in the Complaint.

The Plaintiff was represented by counsel and entered into the Agreement "as a free and voluntary act with full knowledge of its legal consequences."

On March 30, 2010, the Plaintiff and his attorney signed a stipulation to dismiss the state court FOIA lawsuit. The stipulation was then signed by counsel for the Defendant and filed on March 31, 2010. On April 2, 2010, the Sangamon County Circuit Court entered an agreed order and dismissed the FOIA lawsuit with prejudice.

On March 18, 2010, the Plaintiff filed his Complaint in this Court. On February 8, 2011, the Plaintiff filed his Second Amended Complaint. The Plaintiff alleges that Defendants, who are current and former employees of the Department, retaliated against him in violation of the First Amendment of the United States Constitution by, among other things, refusing to comply with the FOIA and not adequately responding to a December 9, 2008 FOIA request, which resulted in the 2009 lawsuit in Sangamon County Circuit Court.

## II. DISCUSSION

The parties dispute whether the settlement agreement which led to the dismissal of the Plaintiff's FOIA claim waives any claims related to his FOIA claim.  The Defendants claim that it does and seek partial summary judgment as to that limited issue.  The Court notes that the Defendants raised this issue in the memorandum in support of their motion for judgment on the pleadings.[1]  However, the issue was not ruled upon.  The

_____

[1]The relevant portion states: "Additionally, as part of the settlement agreement, Plaintiff gave up his right to sue under § 1983 for any facts related to that case.  This Court should therefore enforce the settlement agreement and bar Plaintiff from suing based on the FOIA

4

Plaintiff asserts that the key language in the settlement agreement releases only claims for attorney's fees and costs arising from the FOIA action.

A. Legal standard

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The Court construes all inferences in favor of the Plaintiff. *See Siliven v. Indiana Dept. of Child Services*, 635 F.3d 921, 925 (7th Cir. 2011). To create a genuine factual dispute, however, any such inference must be based on something more than "speculation or conjecture." *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012) (citation omitted).

B. Settlement agreement and release

The Defendants first contend they are entitled to summary judgment on the Plaintiff's FOIA claim because he released and waived any right to pursue it by signing the settlement agreement. Release and waiver are affirmative defenses to a lawsuit. *See* Fed. R. Civ. P. 8(c). There was no

---

case." *See* Doc. No. 53, at 18.

5

coercion in the execution of the settlement agreement.

Because a settlement agreement is a contract, its interpretation and enforcement is governed by basic contract principles. *See Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614, 618 (7th Cir. 2008). When interpreting a contract under Illinois law, courts attempt to construe the document as the parties intended based on the terms of the written agreement. *See Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379 (7th Cir. 2009). A court first examines whether a contract is ambiguous. *See id*. An ambiguous contract has terms which are indefinite or have a double meaning. *See id*. If there is no ambiguity, a contract will be enforced as it was written. *See id*. at 380. Unless a contract is subject to multiple interpretations, a court does not examine extrinsic evidence in determining intent. *See id*.

At first glance, the applicable language in the release is somewhat confusing. It is not immediately apparent upon reading the language whether the settlement agreement releases all known claims and/or causes of action or whether it is limited to attorney's fees. The key language is

6

that the Plaintiff is releasing the IDFPR and State from:

> all actions, claims, demands, setoffs, suits, causes of action, or rights to attorney's fees, costs and expenses allegedly incurred or due in the Action pursuant to 42 U.S.C. Section 1988, or under any other statute, rule or common law provision arising from the alleged failure of the Department to comply with the Freedom of Information Act as set forth in the Complaint.

The Defendants assert that the release of a claim for attorney's fees is only one of the types of claims released in the waiver.  They contend the Plaintiff also waived his right to pursue any and all other causes of action related to the FOIA action.  The Plaintiff alleges he is simply waiving any claim, action, cause of action, suit, etc. for attorney's fees arising from "the Action," which refers to the Sangamon County lawsuit.

The Defendants' interpretation of the release might be plausible if the document at issue was not titled "Settlement Agreement and General Release of Claim for Attorney's Fees, Costs and Expenses."  Moreover, on page 1, the parties mention the Action and the petition for attorney's fees, costs and expenses and then recite the purpose of the settlement agreement: "to avoid further expense and in recognition of the positions of the parties to the above case, the parties wish to *settle and compromise the pending claim*

7

*for attorneys's fees, costs and expenses*." The parties do not express an intention to settle and compromise the Action.

Accordingly, the release does not serve to release all claims related to the FOIA action. Thus, the Court rejects the Defendants' proposed interpretation of the Settlement Agreement and General Release of Claims for Attorney's Fees, Costs and Expenses.

The Plaintiff points to other circumstances which appear to support his interpretation of the release. The settlement agreement was executed approximately three months after the Plaintiff filed a motion for attorney's fees, which followed the circuit court's order that the Department was to turn over documents to the Plaintiff pursuant to the FOIA lawsuit. The motion sought an award of $2,963.17 in attorney's fees and expenses. Pursuant to the settlement agreement, the parties agreed the Department would pay the Plaintiff $2,500.00 in consideration for the full and complete settlement of the claim for attorney's fees, costs and expenses. These factors support the Plaintiff's interpretation of the release.

Accordingly, the Defendants are not entitled to partial summary

judgment based on the language of the release.

C. *Rooker-Feldman* doctrine

The Defendants next contend that Plaintiff's FOIA action is barred by the *Rooker-Feldman* doctrine.[2]  The doctrine is a jurisdictional limitation which "prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011).  It is a narrow doctrine which precludes federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Commonwealth Plaza Condominium Ass'n v. City of Chicago*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The complaint in the state court action alleges that on December 9,

_____

[2]The doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2008, the Plaintiff, through his attorney, sent a FOIA request to the Department wherein he sought a number of documents.  The letter from counsel sought "[a]ll files of the Department of Financial and Professional Regulation (including but not limited to the files of the past and present Medical Coordinators and Dental Coordinators, and including but not limited to files located both in Springfield and Chicago) pertaining to Dr. Gekas."  The Plaintiff then listed fifteen separate files, documents, forms, orders, rules, etc., while stating that the request was not limited to these specified documents.  The Plaintiff settled the case and signed a stipulation to dismiss.  On April 2, 2010, the Sangamon County Circuit Court entered a final order and dismissed the case with prejudice.  The Plaintiff did not appeal.

In this case, paragraph 16 of the Plaintiff's Amended Complaint notes that Plaintiff in 2009 filed suit under the FOIA in Sangamon County Circuit Court to recover documents related to the various actions undertaken by the Department and its employees.  The documents were ordered to be provided.

Paragraph 27 of the Amended Complaint states, "The Defendants, acting collectively, have repeatedly refused to respond to FOIA requests made by Gekas.  This included a request to the Defendants on December 9, 2008."

Paragraph 28 of the Amended Complaint provides:

> The reason for not providing the FOIA requests were a continuing attempt on the part of the defendants to retaliate against Gekas for exercising his First Amendment rights.  Gekas was forced to bring a lawsuit seeking the documents.  Despite its unavailability under the law, the defendants sought to take discovery from Gekas in an attempt to ascertain his motivations for wanting the documents he requested.

In paragraph 29, the Plaintiff appears to allege retaliation which began in the summer of 2009.  The alleged retaliation "was done solely to harass Gekas for his previous acts of speaking out."

The Court notes that the complaint filed in Sangamon County Circuit Court was for declaratory and injunctive relief.  In this case, the Plaintiff appears to be alleging retaliation based on the exercise of his First Amendment rights.

It does not appear that the Plaintiff in this case is requesting any

11

documents that were part of the Sangamon County case.  To the extent that Plaintiff is seeking such documents, the Court concludes that such a request is barred by the *Rooker-Feldman* doctrine pursuant to the parties' settlement and dismissal with prejudice.

However, this is a case wherein the Plaintiff seeks damages based on the retaliatory conduct alleged in the Complaint, some of which at least relates back to the time frame of the earlier case.  Because the Plaintiff sought equitable relief in the earlier case, the Court is unable to conclude that the narrow *Rooker-Feldman* doctrine bars this action for damages.  The Plaintiff is not seeking review of the Sangamon County Circuit Court case. These are two distinct matters.  Accordingly, summary judgment is not appropriate based on the *Rooker-Feldman* doctrine.

D. *Res Judicata*

The Defendants further assert that this action is barred by the doctrine of *res judicata*.  *Res judicata* applies if there is (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies.  *See River Park, Inc. v. City of*

*Highland Park*, 184 Ill.2d 290, 302 (1998).

The cause of action at issue here is similar, though not identical, to the Sangamon County case.   That case sought the production of documents.  The alleged retaliation in this case is based, at least in part, on the Plaintiff's request for documents which was the subject of the earlier case.  Thus, most of the alleged retaliation appears to have occurred after the complaint for declaratory and injunctive relief was filed–in conducting discovery and/or to harass the Plaintiff for the exercise of his First Amendment rights.

Because the Sangamon County Circuit Court case was an equitable action which did not include a jury demand, the Court is unable to conclude there was an identity between the causes of action.  Accordingly, all of the elements of *res judicata* are not present.

Ergo, the Defendants' Motion for Partial Summary Judgment and to Enforce Settlement Agreement [d/e 68] is DENIED, as provided in this Order.

Pursuant to the Suggestion of Death of Defendant Daniel Bluthardt [d/e 72], the Clerk is Directed to terminate Daniel Bluthardt as a party.

ENTER: July 3, 2013

FOR THE COURT:

_s/Richard Mills_
s/Richard Mills
United States District Judge